OPINION
Plaintiffs-appellants Steven and Rebecca Keesey appeal the August 8, 2000 Judgment Entry of the Tuscarawas County Court of Common Pleas which granted defendant-appellee, Superior Mobile Homes, Inc.'s motion for summary judgment.
 STATEMENT OF THE CASE AND FACTS
On June 1, 1994, appellants Steven and Rebecca Keesey purchased a three bedroom mobile home from appellee. On September 1, 1994, appellants entered into a rental agreement with appellee for lot #137 in a mobile home park owned by appellee. The term of the lease was twelve months, with rent in the amount of $130 per month, payable on the first day of each month. A late charge of $1 per day would be added for any payment in arrears for five days or more.
Over the twenty-seven months appellants resided at the mobile home park, appellants' rent was late seventeen times. During that time period, appellee delivered several eviction notices to appellants, each of which were subsequently withdrawn upon payment of rent, albeit late. Finally, in November 1996, appellee served appellants with a final "Notice to Leave Premises" after appellants again failed to pay the rent. Appellee then instituted an action in forcible entry and detainer in the New Philadelphia Municipal Court.
Appellants failed to appear for the hearing on the forcible entry and detainer action and the New Philadelphia Municipal Court entered judgment against them. The Municipal Court ordered appellants to vacate the premises on or before January 2, 1997. When appellants failed to vacate the premises as ordered, appellee removed the trailer from the lot on January 13, 1997 pursuant to the writ of restitution issued by the municipal court.
Appellants filed a Civ.R. 60(B) motion to vacate the judgment of eviction, but did not seek a stay of the eviction. At the hearing on the motion to vacate, the Municipal Court heard evidence which demonstrated appellants had delivered two money orders to appellee for the November 1996 rent, including late payments, and the December, 1996 rent. Based upon this evidence, the Municipal Court granted appellants' motion to vacate.Thereafter, appellants filed a complaint in the Tuscarawas County Court of Common Pleas alleging wrongful eviction, conversion, and invasion of privacy. On May 14, 1999, appellee filed its motion for summary judgment. In a June 15, 1999 Judgment Entry, the trial court granted appellee's motion for summary judgment. Appellants appealed that judgment entry to this Court.
In an April 12, 2000 Opinion, we affirmed the trial court's grant of summary judgment as it related to appellants' claims for wrongful eviction pursuant to R.C. Chapter 5321, conversion, and invasion of privacy. However, we reversed the trial court's grant of summary judgment on appellants' wrongful eviction claim pursuant to R.C. 3733.17.
In our opinion, we noted appellee had presented some evidence to support its contention the rental checks for November and December were retained solely for evidentiary purposes and were returned to appellants after the eviction hearing. However, this Court also found the validity of the underlying eviction action had not yet been determined by the New Philadelphia Municipal Court, and the evidence before the trial court on summary judgment demonstrated a dispute as to whether the checks had been accepted or retained solely for evidentiary purposes. Accordingly, this Court found summary judgment was inappropriate because appellees had not demonstrated they were entitled to judgment as a matter of law. This court remanded the case to the trial court for further proceedings.
On June 26, 2000, appellee filed a motion for summary judgment on the sole remaining claim for wrongful eviction pursuant to R.C. 3733.17. The motion was briefed by both parties and the trial court conducted an oral argument on July 31, 2000. In an August 8, 2000 Judgment Entry, the trial court granted appellee's motion for summary judgment and dismissed appellants' remaining claim with prejudice.
It is from this judgment entry appellants prosecute their appeal, assigning the following as error:
 I. THE JUDGMENT OF THE NEW PHILADELPHIA MUNICIPAL COURT IS RES JUDICATA AS TO THE ISSUES THEREIN.
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR BY COLLATERALLY ATTACKING THE JUDGMENT OF THE NEW PHILADELPHIA MUNICIPAL COURT.
 III. THE TRIAL COURT HAS FAILED TO FOLLOW THE MANDATE OF THE COURT OF APPEALS AS TO THE LAW OF THE CASE.
 IV. THE TRIAL COURT COMMITTED REVERSIBLE ERROR AS A MATTER OF LAW BY SUSTAINING APPELLEE'S MOTION FOR SUMMARY JUDGMENT DISMISSING THE WRONGFUL EVICTION ACTION.
 III, IV
In their third assignment of error appellants contend the trial court failed to follow the mandate of the this Court in because it failed to await resolution of the issues from the Municipal Court. In their fourth assignment of error, appellants maintain the trial court erred in granting summary judgment after remand. We disagree.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Skiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. Civ.R. 56(C) states, in pertinent part:
 Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429, citing Dresher v.Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard we review appellant's assignment of error.
In our April 12, 2000 Opinion, we found appellee's first motion for summary judgment was improvidently granted for two reasons. First, we found summary judgment to be inappropriately granted where the municipal court had not yet issued a final ruling on the merits of the underlying eviction action. Further, after conducting a de novo review of the motion for summary judgment, we found the record demonstrated a genuine dispute as to whether the checks were accepted by appellee or retained solely for evidentiary purposes. Therefore, as noted above, we reversed the trial court's first grant of summary judgment.
As noted in appellee's second motion for summary judgment, appellants were removed from the premises on January 13, 1997, pursuant to the writ of restitution. Appellants never again took up residence in their previous home. As of the date of the second motion for summary judgment, the municipal court had yet to file a final entry on the forcible entry and detainer action. Further, at oral argument, both parties acknowledged the municipal court case is still pending.
Because appellants have vacated the premises, we find any further proceedings in the municipal court would be moot as to the forcible entry and detainer action. Accordingly, even though in our first opinion we found a final disposition of the municipal court case was required in order to grant summary judgment, we now recognize any subsequent action taken by the municipal court on the forcible entry and detainer action would not likely address the issues essential to the resolution of the motion for summary judgment because appellants have already vacated the premises.[1]
Our April 12, 2000 Opinion also found the existence of a genuine issue of material fact with regard to appellee's intention to either accept the late payment or retain the late payment for evidentiary purposes only. This issue necessarily goes to the question of whether the writ of restitution was valid at the time it was issued. However, in light of our finding any further action in the municipal court is moot, we hold of writ of restitution was valid at the time issued. Because appellee proceeded under a lawfully issued writ of restitution, the municipal court's subsequent decision to vacate the judgment does not operate to retroactively transform a lawful act into a unlawful one. Appellants failed to appear at the original hearing on appellee's forcible entry and detainer complaint, failed to request a stay of the municipal court's writ of restitution, and failed to appeal from that decision. Having so failed, we find no legal basis to support appellants' claims for wrongful eviction under the statute.
Even if this Court were required to analyze appellee's treatment of the two late rent checks as either acceptance or mere retention for evidentiary purposes, we would still find the trial court's grant of summary judgment appropriate. Receipt of the money orders did not equal acceptance per se. Appellee provided the trial court with an affidavit stating the two money orders were retained for evidentiary purposes only. In order to rebut this evidence of intent under Dresher, supra, appellants were required to come forward with some record evidence to indicate appellee cashed the money orders or otherwise exerted some ownership control over the funds. Appellants having failed to do so, the trial court properly granted summary judgment based upon the unrefuted record evidence as a matter of law.
Further, assuming arguendo, a dispute still exists concerning appellee's intention with regard to retaining the money orders, and assuming appellee had in fact accepted the money orders as payment, we would still find the grant of summary of judgment appropriate. Any such acceptance on the part of appellee would have constituted an affirmative defense to the forcible entry and detainer action. Because appellant failed to appear and/or present this affirmative defense at the eviction hearing, we find they are estopped from raising this issue in their present claim for wrongful eviction.
For these reasons, we find the trial court's grant of summary judgment after remand was appropriate.
Appellants' third and fourth assignments of error are overruled.
 I, II
In appellants first assignment of error they maintain the trial court erred in failing to apply the doctrine of res judicata to the issues presented in this case. Specifically, appellants argue the municipal court's grant of appellants Motion to Vacate conclusively established appellee had retained appellants' rent money orders as payment as opposed to retention for evidentiary purposes. In appellants' second assignment of error, they contend the trial court collaterally attacked the municipal court's grant of appellants' Motion to Vacate because it failed to find, as a matter of law, appellee had retained the money orders as payment. We disagree.
We do not agree the municipal court's grant of appellants' Motion to Vacate conclusively established the issues surrounding the retention of the money orders. Rather, we find the municipal court vacated the eviction order precisely because it found there remained an issue as to whether appellee retained the money orders without some indication of rejection or retention for evidentiary purposes. The Motion to Vacate did not decide the issue, but rather found the order of eviction was inappropriately granted where such an issue remained.
The eviction action pending in municipal court is now moot because appellants no longer reside on the subject property. As such, the municipal court has not and will not be called upon the determine appellee's intent with regard to its receipt and temporary retention of the money orders. We find the trial court did not violate res judicata
nor collaterally attack the municipal court's decision granting appellants' motion for relief from judgment.
Appellants first and second assignments of error are overruled.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to appellants.
[1] We encourage the parties to request the Municipal Court finalize the pending action, notwithstanding our holding today.